IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES E. OVERBY,**    **Plaintiff,**

      v.                        CASE NO. 06-3328-SAC

**JOHNSON COUNTY ADULT**
**DETENTION CENTER,**
**et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCADC). The JCADC is named as defendant in the caption along with two "housing sergeants" at the JCADC named in the complaint.

Plaintiff complains, as he did in a prior case dismissed for failure to show exhaustion of administrative remedies, that "from mid July to mid August," 2006, he was housed in certain cells at the JCADC, which had no ventilation with extremely hot temperatures. He further complains he has a sinus condition and was having trouble breathing, and suffered serious heat rashes due to these conditions. He additionally claims it is now very cold. Plaintiff asserts officials at the JCADC do not care about these conditions, which he claims amount to cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments.

Plaintiff also alleges he and many inmates put paper over the glass in the area to keep the sun out, and got "tickets" for having the window covered. He alleges one inmate was taken to segregation.

However, plaintiff still does not allege he was one of the inmates who received a "ticket" or challenge any disciplinary action taken against him as a result.

Plaintiff asks to have the heating and cooling fixed, and for a "monetary settlement."  He also asks to go to an outside doctor for a complete check up "for the strain his body" went through.

**SCREENING**

Because plaintiff is a prisoner, the court is required by statute to screen this complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff exhibits a "request" he filed on October 25, 2006, complaining that modules at the JCADC were either too hot or too cold.  Lt. Lawhead responded the next day that it always took a little time during a change in the weather to get the temperature adjusted.  On November 2, plaintiff filed a "review/request" to Captain Baker, who responded the following day, "I know you aren't exaggerating the situation because I've walked through the facility and experienced, first hand, the conditions you speak of," and that

the same conditions exist in the administration area of the facility.  He also stated the maintenance staff was working on the issues.  On November 14, 2006, plaintiff filed a "review/request" claiming there must be a problem with the heating and cooling of the facility.  Major Cortright responded it was a transitional time of year, when temperatures could fluctuate greatly; and the maintenance staff was monitoring the temperature and would get the system regulated when the weather stabilized.

Plaintiff also alleges he submitted grievances to Sgt. Mahoney and Sgt. Cossairt, whom he says never responded even though he later recounts their responses.  He alleges many different deputies were aware of the conditions, that defendant Sgt. Cossaint checked the cells and had small fans put in which did not help, and that inmates were told to just deal with it.

The court finds plaintiff's allegations are insufficient to show full and total exhaustion of administrative remedies.  Plaintiff was fully informed of the following exhaustion prerequisites in his prior action.  42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."  See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).  A complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.  Id.

3

The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id.  The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004).  Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available administrative grievance procedures, or the complaint is subject to being dismissed without prejudice.

The court finds plaintiff does not adequately plead exhaustion of administrative remedies on his claims that he may have suffered heat stroke and requires an examination by an outside physician, or for any action taken against him for covering his window.

Plaintiff again shall be given time to adequately plead exhaustion, on these two claims in particular, by either providing copies of the administrative grievances filed by him, and the responses received to those grievances, or by describing in detail the administrative process he followed.  If plaintiff fails within the time alloted by this court to show that he exhausted all available administrative remedies prior to filing this complaint, the complaint may be dismissed without further notice. Unfortunately, since plaintiff was recently informed of the exhaustion requirement in a prior case raising the same claims, he may be made responsible for the filing fee in this action, and it may count as a strike against him under 28 U.S.C. 1915(g).

**FAILURE TO STATE A CLAIM**

Plaintiff again fails to state any claim to relief regarding his covering of windows.  He must allege if he received a disciplinary report for covering his window, and the facts regarding any proceedings involving him as well as the grounds upon which he seeks to challenge any such action.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2006, at Topeka, Kansas.


                                        s/Sam A. Crow
                                        U. S. Senior District Judge